ADAM S. BROWN, ESQ
CA Bar No. 191212
STEVEN SHAW, ESQ.
CA Bar No. 217483
STEVEN M. LANDER, ESQ
CA Bar No. 71589
Attorneys for Plaintiff
980 Hopper Ave.
Santa Rosa, CA 95403
707.528.2745 telephone
707.528.9477 facsimile
asbrown@sonic.net

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LARRY BLEVINS,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>　　　　Defendant. | **Case No: CV 08 2615**<br>**Judge: WDB**<br><br>**COMPLAINT FOR LONG TERM**<br><br>**DISABILITY BENEFITS** |

**COMPLAINT FOR BENEFITS**

Comes now Plaintiff, and his Complaint alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1000-1461 over which this Court possesses original jurisdiction pursuant to 29 U.S.C. § 1132(e) and 28 U.S.C. § 1131.

2. Venue is proper in this District in that the Defendant is found here and the acts complained of occurred in this District.

**INTRADISTRICT STATEMENT**

3. Pursuant to Civil L.R. 3-2(c)-(d), this case is suitable for assignment to the San Francisco or Oakland Division because the action arose in Sonoma County.

**PARTIES**

4. Plaintiff Larry Blevins (hereinafter "Plaintiff") is an individual residing in Sonoma County, California.

5. Defendant Hartford Life and Accident Insurance Company (hereinafter "Hartford") is a corporation with its principal place of business in Connecticut. Defendant does business in this judicial District and may be found in this District.

**COMMON FACTUAL ALLEGATIONS**

6. Plaintiff was employed by Calpine Corporation when he became disabled in December of 2005.

7. At all times material to this action Calpine Corporation, through Hartford, provided group long term disability insurance coverage to its employees.

8. The disability coverage Calpine Corporation issued to its employees was issued as part of an employee welfare benefit plan (hereinafter referred to as the "Calpine Disability Plan") within the meaning of 29 U.S.C. §§ 1002(1) and (3).

9. Plaintiff was issued a policy under the Calpine Disability Plan.

10. Upon being issued his disability policy, Hartford distributed to Plaintiff the Calpine Disability Plan Summary Plan Description ("SPD"), titled "Your Group Insurance Benefits."

11. Although Plaintiff received and read the SPD, he was not provided a copy of the Calpine Disability Plan Group Master Policy.

12. At all times material to this action, Plaintiff was a participant of the Calpine Disability Plan within the meaning of 29 U.S.C. § 1002(7).

## PLAINTIFF'S DISABILITY CLAIM FOR BENEFITS

13. In 2005, Plaintiff began having medical problems incident to his employment. The s problems rendered Plaintiff unable to continue his occupation.

14. As a result of these medical problems, Plaintiff qualified for Total Disability benefits under the terms of the Calpine Disability Plan.

15. After satisfying the pre-requisites delineated in the Calpine Disability Plan, Plaintiff began receiving disability benefits from Hartford on June 3, 2006.

## HARTFORD'S TERMINATION OF PLAINTIFF'S BENEFITS

16. On September 30, 2007 Hartford sent Plaintiff a letter indicating that it was terminating Plaintiff's disability benefits completely, effective September 30, 2007.

17. Hartford's stated reason for terminating the benefits was, "that Plaintiff was no longer disabled under the terms of the Calpine Disability Plan."

18. Plaintiff, through undersigned counsel, appealed Hartford's termination of benefits by letter sent January 11, 2008.

19. In response to Plaintiff's appeal, Hartford upheld the termination of disability benefits by letter dated February 22, 2008.

20. Despite Plaintiff's entitlement to disability benefits under the terms of the Calpine Disability Plan, Hartford improperly terminated Plaintiff's benefits in contravention of the Plan and Plaintiff's rights under ERISA.

21. Plaintiff has met all conditions precedent to bringing this action, and in particular, has exhausted all administrative remedies.

## FIRST CLAIM FOR RELIEF
### (Recovery of Plan Benefits, 29 U.S.C. § 1132(a)(1)(B))

22. Plaintiff incorporates paragraphs 1 through 20 into this Claim for Relief.

23. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. § 1132(a)(1)(B).

24. Pursuant to § 1132(a)(1)(B), Plaintiff, as a participant of the Calpine Disability Plan, is entitled to sue for a judicial determination and enforcement of benefits.

25. Hartford improperly terminated Plaintiff's disability benefits to which he is entitled under the terms of the Calpine Disability Plan, in contravention of the Plan and ERISA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the entry of judgment against Defendant Hartford, for damages including, but not limited to, past due contractual benefits, future benefits, attorney's fees pursuant to 29 U.S.C. § 1132(g)(1), costs incurred in bringing this action, and for such other relief as the Court deems equitable, just and proper.

Respectfully submitted this 22nd day of May, 2008.

_____

ADAM S. BROWN, ESQ
CA Bar No. 191212

STEVEN SHAW, ESQ
STEVEN M. LANDER, ESQ
Attorneys for Plaintiff
980 Hopper Ave.
Santa Rosa, CA 95403
707.528.2745 telephone
707.528.9477 facsimile
lander@sonic.net