THOMAS K. HOCKEL (State Bar No. 172367)
KELLY, HOCKEL & KLEIN P.C.
44 Montgomery Street, Suite 2500
San Francisco, California 94104
Telephone:   415/951-0535
Facsimile:   415/391-7808
thockel@khklaw.com

Attorneys for Defendant
HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY BLEVINS,<br><br>  Plaintiff,<br>v.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>  Defendants. | Case No. CV-08-2615-WDB<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** |

1    COMES NOW defendant Hartford Life & Accident Insurance Company ("defendant") and
2  answers, for itself alone, the complaint ("the complaint") filed in the captioned matter by plaintiff Larry
3  Blevins ("plaintiff"), as follows:
4    1.   Answering paragraph 1 of the complaint, defendant admits the allegations in that
5  paragraph on information and belief.
6    2.   Answering paragraph 2 of the complaint, defendant admits the allegations in that
7  paragraph.
8    3.   Answering paragraph 3 of the complaint, defendant admits the allegations in that
9  paragraph.
10   4.   Answering paragraph 4 of the complaint, defendant states that it lacks sufficient
11 knowledge or information to form a belief as to the allegations in paragraph 4; and, on that basis, denies
12 said allegations.
13   5.   Answering paragraph 5 of the complaint, defendant admits the allegations in that
14 paragraph.
15   6.   Answering paragraph 6 of the complaint, defendant admits the allegations in that
16 paragraph on information and belief.
17   7.   Answering paragraph 7 of the complaint, defendant admits the allegations in that
18 paragraph.
19   8.   Answering paragraph 8 of the complaint, defendant states admits the allegations in that
20 paragraph.
21   9.   Answering paragraph 9 of the complaint, defendant denies the allegations in that
22 paragraph.
23   10.  Answering paragraph 10 of the complaint, defendant admits it distributed the SPD but
24 otherwise denies the allegations in that paragraph.
25   11.  Answering paragraph 11 of the complaint, defendant states that it lacks sufficient
26 knowledge or information to form a belief as to the allegations in paragraph 11; and, on that basis,
27 denies said allegations.
28

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

12. Answering paragraph 12 of the complaint, defendant admits the allegations in that paragraph on information and belief.

13. Answering paragraph 13 of the complaint, defendant admits the allegations in that paragraph on information and belief.

14. Answering paragraph 14 of the complaint, defendant states that it lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 14; and, on that basis, denies said allegations.

15. Answering paragraph 15 of the complaint, defendant admits that plaintiff began receiving disability benefits from defendant effective June 3, 2006. Except as expressly admitted, defendant states it lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 15; and, on that basis, denies said allegations.

16. Answering paragraph 16 of the complaint, defendant admits it sent plaintiff a letter dated September 30, 2007, the content of which speaks for itself, in which defendant informed plaintiff that Long Term Disability benefits were not payable beyond that date. . Except as expressly admitted, defendant states it lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 16; and, on that basis, denies said allegations.

17. Answering paragraph 17 of the complaint, defendant denies the allegations in that paragraph.

18. Answering paragraph 18 of the complaint, defendant admits the allegations in that paragraph.

19. Answering paragraph 19 of the complaint, defendant admits the allegations in that paragraph.

20. Answering paragraph 20 of the complaint, defendant denies the allegations in that paragraph.

21. Answering paragraph 21 of the complaint, defendant admits plaintiff has exhausted his administrative remedies but denies the remaining allegations in that paragraph.

22. Answering paragraph 22 of the complaint, defendant incorporates by reference its answers to paragraphs 1 through 21, above.

23. Answering paragraph 23 of the complaint, defendant states that it lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 23; and, on that basis, denies said allegations.

24. Answering paragraph 24 of the complaint, defendant states that this paragraph consists entirely of a legal opinion and defendant that it lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 24; and, on that basis, denies said allegations.

WHEREFORE, defendant prays for judgment as set forth below.

### FIRST AFFIRMATIVE DEFENSE

(Plaintiff Not Entitled To Further Benefits)

1. As a first, separate and affirmative defense to plaintiff's complaint, defendant alleges that plaintiff is not entitled to any further benefits or any other compensation from defendant.

### SECOND AFFIRMATIVE DEFENSE

(Plaintiff Failed To Satisfy All Conditions Precedent)

2. As a second, separate and affirmative defense to plaintiff's complaint, defendant alleges that plaintiff has failed to satisfy all conditions precedent to receipt of benefits under the policy.

### THIRD AFFIRMATIVE DEFENSE

(Unjust Enrichment)

3. As a third, separate and affirmative defense to plaintiff's complaint, defendant alleges that plaintiff's claims for relief are barred by the principle of unjust enrichment.

### FOURTH AFFIRMATIVE DEFENSE

(Acts and Statements By Defendant Made In Good Faith)

4. As a fourth, separate and affirmative defense to plaintiff's complaint, defendant alleges that each and every act or statement done or made by defendant, or by defendant's agents or employees, with reference to plaintiff, was privileged as a good faith assertion of defendant's legal and contractual rights.

### FIFTH AFFIRMATIVE DEFENSE

(Contributory Fault)

5.   As a fifth, separate and affirmative defense to plaintiff's complaint, defendant alleges that by plaintiff's own comparative bad faith and/or contributory fault, plaintiff has waived and relinquished, or is estopped to assert, every cause of action asserted in the complaint.

### SIXTH AFFIRMATIVE DEFENSE
(Equitable Doctrine)

6.   As a sixth, separate and affirmative defense to plaintiff's complaint, defendant alleges that plaintiff is barred and estopped by the equitable doctrine of unclean hands from seeing or obtaining any recovery against defendant.

### SEVENTH AFFIRMATIVE DEFENSE
(Doctrine of Waiver And Laches)

7.   As a seventh, separate and affirmative defense to plaintiff's complaint, defendant alleges that plaintiff, by virtue of the legal doctrine of waiver and laches, is estopped from pursing some or all of the causes of actions alleged against defendant.

### EIGHTH AFFIRMATIVE DEFENSE
(Defendant Acted In Good Faith)

8.   As an eighth, separate and affirmative defense to plaintiff's complaint, defendant alleges that defendant acted in good faith towards plaintiff in the handling of plaintiff's claim and in every other aspect of its dealing with plaintiff.

Defendant reserves the right to assert additional defenses based on after acquired information.

WHEREFORE, defendant prays for judgment in their favor as follows:

1.   That plaintiff take nothing by reason of his complaint on file herein;

2.   That defendant be awarded its costs and expenses incurred in this action;

3.   That defendant be awarded its attorneys' fees incurred in this action; and

4.   That defendant recover such other and further relief as the Court may deem just and proper.

Dated: July 24, 2008                KELLY, HOCKEL & KLEIN P.C.


By  // Thomas K. Hockel
    Thomas K. Hockel
    Attorneys for Defendant
HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY

---

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

CV 08-2615 WDB