1  THOMAS K. HOCKEL (State Bar No. 172367)
2  KELLY, HOCKEL & KLEIN P.C.
   44 Montgomery Street, Suite 2500
3  San Francisco, California 94104
   Telephone:   415/951-0535
4  Facsimile:   415/391-7808
   thockel@khklaw.com
5
6  Attorneys for Defendant
   HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY
7

           UNITED STATES DISTRICT COURT

           NORTHERN DISTRICT OF CALIFORNIA

LARRY BLEVINS,                          ) Case No. CV-08-2615-WDB
                                        )
        Plaintiff,                      ) **JOINT CASE MANAGEMENT**
v.                                      ) **STATEMENT**
                                        )
HARTFORD LIFE AND ACCIDENT              ) Date:  September 2, 2008
INSURANCE COMPANY,                      ) Time:  4:00 p.m.
                                        ) Dept.: Courtroom 4, Oakland
        Defendant.                      )
_____)

Plaintiff LARRY BLEVINS ("plaintiff") and defendant HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY ("Hartford") submit the following Joint Case Management Conference Statement in the captioned matter.

**1.   Jurisdiction and Service.**

Subject matter jurisdiction over plaintiff's claims is predicated on 29 U.S.C. 1132(e) and 29 U.S.C. 1331 inasmuch as plaintiff's claims are brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. section 1001 *et seq*. All parties have been served.

**2.   Facts.**

Plaintiff is a former employee of Calpine Corporation ("Calpine"). He was a participant in Calpine's group long term disability plan ("the plan"). According to the complaint, plaintiff began became disabled and began receiving disability benefits in June 2006. Hartford paid benefits to him through September 2007, when it determined he was no longer eligible for benefits under the group insurance policy.

Plaintiff appealed the decision and provided various materials for Hartford's review. Based on the administrative record, Hartford upheld its determination and denied further benefits. This action followed.

The principal factual and legal dispute is whether plaintiff is eligible for further benefits under the policy.

**3.   Legal Issues.**

The central legal issue in the case is whether Hartford abused its discretion in reaching its determination that plaintiff was no longer eligible for benefits under the plan.

**4.   Motions.**

Both parties anticipate filing motions for summary judgment.

**5.   Amendment of Pleadings.**

None anticipated.

**6.   Evidence Preservation.**

Hartford has preserved the administrative record evaluated in making its determination that plaintiff was ineligible for further benefits. The parties, through their counsel, represent that they will

take all reasonable measures to ensure the preservation of evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

**7.    Disclosures.**

Initial disclosures have not been completed but the parties anticipate they will be completed by September 9, 2008. Defendant will produce the entire administrative record.

**8.    Discovery.**

No discovery has been taken. Defendant contends that the administrative record upon which the claim decision was based is the only relevant evidence. That record will be produced. Defendant contends discovery beyond the record is not warranted. Plaintiff contends some limited discovery may be appropriate.

**9.    Class Actions.**

Not applicable.

**10.   Related Cases.**

None.

**11.   Relief.**

**12. Settlement and ADR.**

The parties have stipulated to court-sponsored mediation.

**13. Consent to Magistrate Judge For All Purposes.**

Both parties consent to a magistrate judge for all purposes.

**14. Other References.**

The parties do not believe this case is suitable for binding arbitration, reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.   Narrowing Issues.**

The parties believe this action is adjudicable by way of a single motion for summary judgment determining the plan abused its discretion in terminating benefits.

**16.   Expedited Schedule.**

The parties believe this matter may be set on an expedited schedule by allowing the parties time to attend mediation; then, if mediation is unsuccessful, a briefing schedule should be set for a motion for summary judgment.

**17.   Scheduling.**

The parties do not believe dates for designation of experts or discovery cutoff are necessary as the case should be decided on the administrative record. The parties believe the case may be set for dispositive motion within six months.

**18.   Trial.**

If a trial is necessary, the case should be tried to the Court. Estimated length is two days.

**19. Disclosure of Non-party Interested Entities or Persons.**

Both parties have filed their Certification of Interested Entities or Persons required by Civil Local Rule 3-16. Hartford Life and Accident Insurance Company is a wholly owned subsidiary of Hartford Life, Inc., which is a subsidiary of The Hartford Financial Services Group, Inc., a publicly traded corporation. The parent company of APL is Neptune Orient Lines Limited, a publicly traded Singapore company. Neither party is aware of any other persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Dated: August 26, 2008          KELLY, HOCKEL & KLEIN P.C.


By // Thomas K. Hockel
    Thomas K. Hockel
    Attorneys for Defendant

Dated: August 26, 2008

By // Steven M. Lander
    Attorney for Plaintiff